JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Ph. (702) 258-1183 / Fax (702) 258-6983
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiff*
*William Soto*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| WILLIAM SOTO,<br><br>Plaintiff,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a Domestic Limited Liability Company; MELANIE SALJOUGUI, an individual; YONG HOON LEE, an individual; JERALD HEDRICK, an individual; ROBERT FISHBOURNE; an individual; TODD OWEN, an individual; and, PHILIPPE ROUAS, an individual,<br><br>Defendants. | Case No.: 2:16-CV-00064-JAD-PAL<br><br>**EX PARTE APPLICATION FOR AN ORDER FOR SERVICE BY PUBLICATION AND ENLARGEMENT OF TIME** |

Plaintiff WILLIAM SOTO ("Plaintiff"), by and through his counsel of record, the law firm of Kemp & Kemp. hereby moves this Court for an Order permitting service of the Summons and Complaint on Defendant PHILIPPE ROUAS ("Defendant") by publication and enlarging the time in which to serve the Summons and Complaint.

…

…

…

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Plaintiff supports this Application with the Points and Authorities attached hereto, including the attached Affidavit of Due Diligence, as well as the pleadings and papers filed herein.

DATED this 12th day of October, 2016.

/s/ Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Ph. (702) 258-1183 / Fax (702) 258-6983

*Attorneys for Plaintiff William Soto*

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. PUBLICATION BY SERVICE

Pursuant to Federal Rule of Civil Procedure 4(e)(1) an individual maybe served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiffs must generally serve a copy of the summons and complaint personally on all defendants. When personal service proves impossible or unreasonably difficult, however, the Nevada Rules of Civil Procedure ("NRCP") allow plaintiffs to seek court permission to serve a defendant by publication. NRCP 4(e)(1)(ii) states:

> "In any action which relates to, or the subject of which is, real or personal property in this state in which such person defendant or corporation defendant has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part of excluding such person or corporation from any interest therein, and the said defendant resides out of the state or has departed from the state, ***or cannot after due diligence be found within the state, or by concealment seeks to avoid the service of summons, the judge or justice may make an order that the service be made by the publication of summons; said service by***

> ***publication shall be made in the same manner as now provided in all cases of service by publication***." (Emphasis added).

Before a plaintiff may serve by publication, it must demonstrate its due diligence. NRCP 4(e)(1)(i). To determine if publication is appropriate, the court considers several factors. For instance, the court will consider the number of times the plaintiff has attempted to serve the defendant at the last known address, and inquiries made into public records. *See Price v. Dunn*, 787 P.2d 785, 786-87 (1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (1994). The standard for allowing service by publication is whether the plaintiff exercised "due diligence" in attempting personal service. Nevertheless, there is no objective standard for determining due diligence.

> "Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Abreu v. Gilmer*, 958 P.2d 746, 749 (1999).

The court stated in *Abreu* that plaintiffs are not required to exercise "all possible diligence which may be conceived." *Id.* Rather, the effort must be "reasonable" and "calculated to accomplish service." *Id.* Thus, the Court must determine whether the plaintiff's efforts "were appropriate and reasonably calculated to accomplish service." *Id.* A determination of what is reasonable, however, depends on the facts in each case. *Id.*

This Court is aware of the issues surrounding service upon Defendant Rouas which include, among the many, 1) Plaintiff having to literally piece together exactly who Defendant Rouas was including his last name[1]; 2) no Defendant disclosing Defendant Rouas as a witness

1 Defendant Saljougui was not able, or unwilling, to provide Defendant Rouas' last name at her deposition. **ECF No. 69-3.** Plaintiff was able to ascertain what he believed to be Defendant Rouas' last name through many hours of internet research based on a process of elimination with information provided by Defendant Saljougui throughout her deposition.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

until August 2016; 3) Plaintiff not having confirmation of Defendant Rouas' last name until Defendant Aria finally disclosed him as a witness on August 22, 2016; 4) Defendant Aria not disclosing any contact information for Defendant Rouas and when finally doing so the address returned to a UPS store - no phone information was provided; and 4) Defendant Saljougui answering to properly pounded discovery request that the only information she knew about Defendant Rouas was his first name; and, 5) the research and attempts by Plaintiff to locate Defendant Rouas. ***See also*** **ECF No. 52; ECF 69, III(c).** Nevertheless, Plaintiff provides a summary here.

This matter was filed January 12, 2016. **ECF No. 1**. Defendant Rouas was made a Defendant on May 23, 2016. **ECF No. 44**. Plaintiff propounded an Interrogatory to Defendant Saljougui to identify and provide the contact information the male "guest" she was with on February 24, 2015 to which she responded with a plethora of objections disclosing only his first name. **ECF 69, III(c); ECF No. 69-5.** Subsequent to August 22, 2016, after Defendant Aria gave Plaintiff the UPS store address, Plaintiff again engaged in searching for Defendant Rouas. This time it was learned Defendant Rouas was being sued for fraud in United States District Court, Southern District of Indiana, Indianapolis Division, Case No. 1:16-cv-01155[2]. The removal documents in that case indicate that Defendant Rouas is a resident of California or Nevada. **Ex. 2, ¶ 5**. On September 2, 2016 Plaintiff reached out to the plaintiff's counsel in the Indiana case, Ann Perry, Esq., to ascertain how Defendant Rouas was served in that matter. On September 6, 2016, Ms. Perry contacted Plaintiff's counsel and told her Defendant Rouas had been served via his registered agent in Indiana and that she did not have any contact information for Defendant Rouas.

Plaintiff turned further investigation over to licensed process server Genice Rojas

2 Case no. 1:16-cv-01155 was eventually remanded to state court.

("Rojas") who, among other endeavors, tried to effectuate service at the address which returned to the UPS Store, ran database skip searches, checked property records and DMV records in NV. **Ex. 1, ¶¶ 3-9.** Searches of property records and DMV records are not permitted in California unless done by private investigator or law enforcement agency/officer. **Id.** Additional searches were run for Defendant Rouas in Indiana to include property records, Secretary of State records, Marion County Tax Assessor records, Voter Registration records, and Fictitious Business Name records. **Id. at ¶¶10-15.**

On September 27, 2016, Defendant Saljougui disclosed the phone number for Defendant Rouas. **ECF No. 69-6**. On September 29, 2016, Rojas began trying to contact Defendant Rouas. Rojas spoke with Defendant Rouas on September 30, 2016. **Id. at ¶ 18**. Defendant Rouas informed Rojas he would be in town the following week and that he would text the name and address of his attorney to her. **Id**. Defendant Rouas also contacted Kemp & Kemp, but stated to this office he would not be in the United States for six to twelve months. **ECF No. 69-7.** On October 3, 2016, Defendant Rouas asked Rojas to email him the Complaint and Summons which she did. **Ex. 1, ¶ 21.**

Thereafter, Rojas tried to contact Defendant Rouas but was unable to speak to him directly until October 11, 2016. **Id. at ¶20-26.** At that time**,** Defendant Rouas informed Rojas he had spoken to his attorney and provided the attorney with the information to contact Rojas and that she should be receiving a phone call from his attorney that day. **Id.** After not hearing from Defendant Rouas' alleged attorney, Rojas called the number provided to her by Defendant Rouas. **Id. at 27**. The person receiving that call stated Mr. Rouas never called him to pass on Rojas' information. **Id.** Additionally, the unidentified person stated Mr. Rouas is out of the country and that he would need four (4) more days to figure what address Mr. Rouas could be served. **Id.**

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Defendant Rouas is aware of this matter having spoken to Rojas, after receiving an email from Rojas with the documents attached, and after speaking to Kemp & Kemp. Plaintiff has taken every reasonable and appropriate action calculated to effectuate service upon Defendant Rouas. Yet, after diligent effort, Plaintiff is unable to serve the Defendant Rouas within the State of Nevada. Therefore, service of process by publication is appropriate.

**B. ENLARGEMENT OF TIME**

Pursuant to Rule 4, when deciding whether to enlarge time, the Court should consider whether Plaintiff sought to enlarge time before the time for service expired. *See* FRCP 4. In this instance, Plaintiff's request is made prior to expiration of the time to effectuate service, October 21, 2016. **ECF No. 52**. Moreover, a bona fide difficulty in serving the Defendant exists. Thus, good cause exists to enlarge time for service, and the Court is justified in granting Plaintiff's request by enlarging the time for service by 45 days from the date the Court's Order for publication is signed.

****THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK****

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**II. CONCLUSION**

Wherefore, Plaintiff requests that his Ex Parte Application for an Order for Service by Publication and Enlargement of Time be granted in its entirety and that the time for service of the Summons and Complaint on Defendant Rouas be enlarged by 45 days from the date this order is signed by the Magistrate Judge.

/s/ Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
Ph. (702) 258-1183 / Fax (702) 258-6983

*Attorneys for Plaintiff William Soto*

**ORDER**

**IT IS SO ORDERED:**

Dated this 14th day of October, 2016.

UNITED STATES MAGISTRATE JUDGE LEEN

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DR., SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below, a copy of the EX PARTE APPLICATION FOR AN ORDER FOR SERVICE BY PUBLICATION AND ENLARGEMENT OF TIME was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.

DATED this 12th day of October, 2016.

/s/ Victoria L. Neal
An employee of KEMP & KEMP, Attorneys at Law

…

…

…

# EXHIBIT LIST

1. **AFFIDAVIT OF DUE DILIGENCE DATED OCTOBER 12, 2016**

2. **NOTICE OF REMOVAL, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION CASE NO. 1:16-cv-01155**

# EXHIBIT 1

**GENICE ROJAS - AFFIDAVIT OF DUE DILIGENCE DATED OCTOBER 12, 2016**

EXHIBIT 1

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

WILLIAM SOTO,

Plaintiff,

vs.

ARIA RESORT & CASINO, LLC, a Domestic Limited Liability Company; MELANIE SALJOUGUI, an individual; JERALD HEDRICK, an individual; ROBERT FISHBOURNE, an individual; TODD OWEN, An individual; and , PHILIPPE ROUAS, an Individual,

Defendant,

CASE NO.: 2:16-CV-00064-JAD-PAL

**AFFIDAVIT OF DUE DILIGENCE**

STATE OF NEVADA )
)ss.
COUNTY OF CLARK )

Genice O. Rojas being fully sworn upon her oath, deposes and says:

1. That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. Affiant has been employed with LV Process and Investigations, LLC in the State of Nevada since April 30, 2015.

2. Affiant was retained by Kemp & Kemp Attorneys at Law on September 12, 2016 to serve a **Summons In A Civil Action, First Amended Complaint and Exhibit 1 in case number** 2:16-CV-00064-JAD-PAL to Philippe A. Rouas at the address of 4045 S. Buffalo Dr. Suite A-101, Las Vegas, NV 89147.

3. On September 12, 2016 at 5:00 p.m., Affiant went to said address of 4045 S. Buffalo Dr. Suite A-101, Las Vegas, NV 89147, the address is a UPS Store. Service can not be completed upon a P.O. Box.

4. On September 12, 2016, Database Tracers was researched for a current address and/or current phone number for Philippe A. Rouas. Affiant found two additional addresses: 80031 P.O. Box, Indianapolis, IN 46280 and 2269 Chestnut St #910, San Francisco, CA 94123, both are P.O. Boxes.

5.  On September 12, 2016, the Clark County Tax Assessor records were researched and there were no property ownership records found under the names Philippe A. Rouas.

6.  On September 13, 2016, the Nevada Department of Motor Vehicles was contacted and per their representative, Tony, Philippe A. Rouas has a valid Class C driver's license #1604806431 that expires 1/16/18.  The address listed is 4045 S. Buffalo Dr. #A-101, Las Vegas, NV 89147.  His last transaction date with DMV was 1/31/14.  He has no registered vehicles.

7.  On September 13, 2016 the Nevada Voter Registration records were researched for Philippe A. Rouas and no records where found.

8.  On September 14, 2016, Affiant attempted to locate property records in California and due to Privacy Rights of individuals, San Francisco County does not allow the public to do a property search by name.

9.  Affiant is unable to run a DMV search in California for the reasons listed: You must be a licensed Privet Investigator or Police Officer in the State of California to obtain DMV information within the State.

10.  On September 14, 2016, Affiant searched the Marion County Tax Assessors website for any property ownership in the name of Philippe Rouas and none was found.

11.  On September 14, 2016, Affiant searched the Indiana Secretary of State for any businesses owned by Philippe Rouas and found three active companies all registered to the same address of 152 E. Washington St., Indianapolis, IN 46204. Companies as listed: JP Rouas Entertainment Group Inc., Pouas Entertainment Group, Inc. and Babybacks International, Inc.

12.  On September 15, 2016, Affiant researched the address of 152 E. Washington St., Indianapolis, IN 46204 and found it is currently vacant and up for sale. The address was previously occupied by the Attorney Office of Mitchell Hurst Dick & McNelis, LLC. They are now currently located at 9247 N

Meridian, 350, Indianapolis, IN 46260. Richard J Dick is the Registered Agent for all three companies owned by Philippe A Rouas.

13. On September 15, 2016, Affiant searched the Marion County Tax Assessors website under the name of Philippe Rouas and no property was found under that name.

14. On September 15, 2016, The Indiana Voters Registration was searched under the name of Philippe Rouas and no information was found.

15. On September 15, 2016, Indiana Fictitious Business Names was searched with the name Philippe Rouas and one business was found, Babyback's Enterprises Inc. from 2003.

16. On September 29, 2016, Affiant received an email from the office of Kemp & Kemp with a current phone number of (702)756-5636 for Philippe Rouas.

17. On September 29, 2016 at 6:30 p.m., Affiant called said phone number of (702)756-5636, it went to voicemail and a message was left for Philippe Rouas to return affiants phone call.

18. On September 30, 2016 at 10:27 a.m., Affiant received a phone call from Philippe Rouas. He requested to know what the court documents where about. Affiant informed him the papers were at affiant's office and did not know what they were about, but would need an address to where they can be served. Mr. Rouas he is currently out of town and would not be back in Las Vegas till next week. He requested Affiant please call him back and let him know what the court documents are about. He also stated he would text Affiant the name and phone number of his attorney.

19. On September 30, 2016 at 5:05 p.m., Affiant attempted to contact Mr. Rouas by phone with no answer. A voice message was left for Mr. Rouas to return Affiant's call.

20. On October 3, 2016 at 9:40 a.m., Affiant attempted to call Mr. Rouas and was sent to voicemail. A message was left for Mr. Rouas to return affiant's phone call.

21. On October 3, 2016 at 9:58 a.m., Affiant received a phone call from Philippe Rouas. Affiant

informed Mr. Rouas what the papers were about. He stated, he had spoken to the lady at Kemp & Kemp and told her that he has nothing to do with this case. I informed him that he is still named in the suit and therefore I would still need to get him the paperwork. Affiant requested Mr. Rouas provide an address for either himself or his attorney. He still refused to give that information and in turn requested the documents be e-mailed to him because he is out of the country and provided an e-mail address of philippe@pokerbattle.com.

22.   On October 3, 2016, Although e-mail is not an accepted for of service, the documents were e-mailed to Mr. Rouas at the above said address.

23.   On October 4, 2016 at 4:29 p.m., Affiant attempted to call Mr. Rouas and was sent to voicemail. A message was left for Mr. Rouas to return affiant's phone call.

24.   On October 5, 2016 at 9:18 a.m., Affiant received a voice message from Mr. Rouas requesting affiant return his phone call. On the same date at 1:34 p.m., Affiant returned Mr. Rouas phone and a voice message was left on his phone. The same date at 2:52 p.m., Mr. Rouas attempted to call affiant back and did not leave a message.

25.   On October 10, 2016 at 3:52 p.m., Affiant attempted to call Mr. Rouas and was sent to voicemail. A message was left for Mr. Rouas to return affiant's phone call.

26.   On October 11, 2016 at 9:40 a.m., Affiant received a phone call from Mr. Rouas who stated, he has spoken to his attorney and provided him with my information. He also said, I should be receiving a phone call from him today. Affiant asked Mr. Rouas for his attorney's names and phone number and he responded with the name, Alex Diaz and phone number of 310-896-8384.

27.   On October 11, 2016 at 12:15 p.m., Affiant contacted Alex Diaz who stated Mr. Rouas never passed on Affiant's information. He stated Mr. Rouas is currently out of the country and would need about 4 more days to figure out what address Mr. Rouas was at in order to effectuate service. Affiant asked Mr.

Diaz if he is licensed to practice law in the state of Nevada and was not he is only licensed to practice law in California.

28. After attempts and efforts of due diligence Affiant was not able to locate a current address and effectuate service of said documents to Philippe A. Rouas. Furthermore, it is of Affiant's opinion Philippe A. Rouas is trying to delay and avoid service.

FURTHER AFFIANT SAYETH NAUGHT.

SUBSCRIBED AND SWORN to before me this 12th day of October 2016

NOTARY PUBLIC

NATALIE ORTIZ
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 07-21-17
Certificate No: 09-11125-1

Genice O. Rojas – License #2039C
LV Process and Investigations, LLC
7121 Eyebright St
Las Vegas, NV 89131

# EXHIBIT 2

**NOTICE OF REMOVAL, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION CASE NO. 1:16-cv-01155**

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GLEN CHORNY,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPPE ROUAS and<br>POKER WORLD SOCIETY, LLC,<br><br>Defendants. | ) | Case No. 1:16-CV-1155 |

NOTICE OF REMOVAL

Defendant Poker World Society, LLC ("Poker World") hereby removes this case from the Marion County Superior Court, State of Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. The factual and legal grounds supporting this Notice of Removal are described below.

1. Plaintiff Glen Chorny ("Chorny") filed his Complaint on April 8, 2016, in the Marion County Superior Court, State of Indiana, under Cause No. 49D04-1604-CTO-12425. Authentic copies of all pleadings are attached to this Notice of Removal as Exhibit A.

2. Chorny is "a natural person and a resident of Waterloo, Ontario, Canada." Complaint ¶ 2. Upon information and belief, Chorny is not domiciled in Indiana.

3. Defendant Philippe Rouas ("Rouas") is "a natural person and, upon information and belief, [is] a resident of Las Vegas, Nevada[.]" Complaint ¶ 3. Rouas

resides in Nevada and California.[1] Rouas does not reside in and is not a citizen of Indiana.

4. Poker World is an Indiana Limited Liability Company registered in Indiana. Ex. B, Articles of Organization of Poker World Society LLC. Upon information and belief, Poker World's members are as follows:

a. Rouas;

b. Chorny;

c. Nenad Medic ("Medic"), who is, upon information and belief, a citizen of Canada. Upon information and belief, Medic does not reside in and is not a citizen of Indiana; and

d. Tommy Vedes ("Vedes"), who is, upon information and belief, a citizen of Greece. Upon information and belief, Vedes does not reside in and is not a citizen of Indiana.

5. In sum, Rouas is a Nevada or California citizen, Chorny is a "citizen[] or subject[] of a foreign state," and Poker World's members are citizens of foreign countries or states other than Indiana. Therefore, complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a)(2).

6. Chorny seeks damages "of at least $3.77 million." *See, e.g.*, Complaint ¶ 64. Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] While 28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly served join in or consent to the removal, upon information and belief, Rouas has not been properly served. Accordingly, his consent to this removal is not required. *See e.g.*, *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002)(consent of defendant served after filing of removal petition not required)(citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)).

*See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

7. This case is not brought against a railroad or its receivers or trustees; is not brought against a carrier or its receivers or trustees; does not arise under the workers' compensation laws of any state; and does not arise under the Violence Against Women Act of 1994. Therefore, this case is not among the actions made non-removable by 28 U.S.C. § 1445.

8. This action may be removed to this Court under 28 U.S.C. § 1441(a) because this case was filed in the Marion County Superior Court, State of Indiana, which is located within this district.

9. Poker World has timely removed this case because it filed this Notice of Removal within "30 days after [its receipt], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [Chorny's] action or proceeding is based[.]" 28 U.S.C. § 1446(b).

10. After filing this Notice of Removal, Poker World will promptly serve written notice of this Notice of Removal on the lawyers for Chorny, and will file this Notice of Removal with the Clerk of the Marion County Superior Court, State of Indiana, in accordance with 28 U.S.C. § 1446(d).

11. By removing this case from the Marion County Superior Court, State of Indiana, Poker World neither waives any defenses or arguments available to it (whether

substantive, procedural, jurisdictional, or otherwise), nor admits any of the allegations in the Complaint.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Daniel R. Kelley
Paul A. Wolfla
Matthew T. Albaugh
Daniel R. Kelley
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Tel. (317) 237-0300
Fax. (317) 237-1000
Paul.Wolfla@FaegreBD.com
Matthew.Albaugh@FaegreBD.com
Daniel.Kelley@FaegreBD.com

*Counsel for Poker World Society, LLP*

## CERTIFICATE OF SERVICE

I certify that on May 9, 2016, I filed the foregoing *Notice of Removal* electronically via the Court's ECF System. I also served a copy of the foregoing by U.S. Mail, postage prepaid, and by email, to:

Harold R. Bickam
Anne N. DePrez
Jeanine Kerridge
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel. (317) 236-1313
Fax (317) 231-7433

*Attorneys for Plaintiff Glen Chorny*

/s/ Daniel R. Kelley