UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| William Soto, | Case No.: 2:16-cv-00064-JAD-PAL |
| Plaintiff | **Order Denying Motion to Seal** |
| v. | [ECF No. 134] |
| Aria Resort and Casino, LLC, et al., | |
| Defendants | |

Defendant Melanie Saljougui moves to seal the entire record of this case to protect her image as a real estate agent.[1] But Saljougui specifies no legal basis to warrant sealing of the public record.[2] Because Saljougui has not sufficiently articulated compelling reasons to overcome the strong presumption of the public's right to access court records, I deny her motion to seal.

**Background**

William Soto was fired from his job as a security officer at the Aria Resort and Casino after an internal investigation revealed that he was extorting a patron, Saljougui, for money in exchange for his promise not to have her arrested for trespass.[3] Soto sued Saljougui, Aria, and the Aria employees involved in the investigation, claiming that their accusations were false and defamatory, interfered with his employment relationship, and violated Nevada's anti-wiretapping law.[4] The case ended with summary judgment against Soto.[5] Saljougui now moves to seal the

---

[1] ECF No. 134 (motion to seal).
[2] *Id.*
[3] ECF No. 110 (order granting defendants' motion summary judgment).
[4] *Id.*
[5] *Id.*

judicial record of this case because she claims that it has hurt her real estate practice.[6] The motion is unopposed.

## Discussion

### A. Standard for sealing judicial records

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[7] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[8] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[9] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[10] "To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[11]

Saljougui's request to seal the judicial record does not meet the "sufficiently compelling reasons" standard. Saljougui's argument that the entire case should be sealed because it has harmed her as a real estate agent is not supported by any legal standard. Nor is it supported by any details about how the case has harmed her besides "unfairly and negatively affect[ing] her

---

[6] ECF No. 134.

[7] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[8] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[9] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[10] *Id.* (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[11] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

name."[12]  Saljougui's conclusory allegation does not rise to the level of a "sufficiently compelling reason" that would overcome the strong presumption of the public's right to access the court records.  Because Saljougui has not met her burden, her broad request to seal this case is denied.

## Conclusion

IT IS THEREFORE ORDERED that Saljougui's motion to seal the entire case **[ECF No. 134] is DENIED without prejudice** to her ability to reurge her requests in a fully supported motion.

Dated: June 10, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] ECF No. 134.